CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 07 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BRUCE A. EVANS, | ) |
| | ) Civil Action No. 3:13CV00028 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) By:  Hon. Glen E. Conrad |
| | )        Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Bruce A. Evans, was born on November 7, 1963. At the time of his application for disability insurance benefits, Mr. Evans reported that he completed the ninth grade in school. (TR 211). At the administrative hearing in his case, plaintiff testified that he completed the eighth grade in school. (TR 31). Mr. Evans worked for many years as a logger. He has also been employed as a delivery driver and as a heating and air conditioner helper. He last worked on a

regular and sustained basis in 2009. On July 12, 2010, Mr. Evans plaintiff filed an application for a period of disability and disability insurance benefits. In filing his claim, plaintiff alleged that he became disabled for all forms of substantial gainful employment on November 1, 2009 due to back, neck, and heart problems. He now alleges that he has remained disabled to the present time. The record reveals that Mr. Evans met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, gen., 42 U.S.C. §§ 416(i) and 423(a).

Mr. Evans' claim was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated May 18, 2012, the Law Judge also found that Mr. Evans is not disabled. The Law Judge determined that plaintiff suffers from several severe impairments, including recurrent arrhythmias, degenerative disc disease, coronary artery disease, and obesity. Because of these conditions, the Law Judge ruled that Mr. Evans is disabled for all of his past relevant work roles. However, the Law Judge held that plaintiff retains sufficient functional capacity for a limited range of light and sedentary work activities. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to stand/walk for four hours, sit for six hours, and lift twenty pounds occasionally and ten pounds frequently. He can occasionally climb ramps/stairs/ladders/ropes/scaffolds, balance, stoop, kneel, crouch, and crawl; and should avoid concentrated exposure to extreme cold, extreme heat, fumes, odors, dusts, gases, poor ventilation, and hazards. The claimant has a 4.5 grade reading level.

(TR 15). Given such a residual functional capacity, and after considering Mr. Evans' age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge held that plaintiff retains sufficient functional capacity to perform several specific sedentary work roles which

2

exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mr. Evans is not disabled, and that he is not entitled to a period of disability or disability insurance benefits. See, generally 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Evans has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The medical record confirms that Mr. Evans experiences single vessel coronary artery disease and episodes of arrhythmia, possibly related to alcohol abuse, including occasional atrial fibrillation. He also experiences musculoskeletal problems in the neck and shoulders, as well as obesity. For the most part, objective measurements of cardiovascular function have proven unremarkable. Dr. Joshua Fischer, a treating cardiologist, produced a functional assessment of Class II cardiac disease, which he characterized as resulting in "slight limitation of physical activity." (TR 729). As for plaintiff's musculoskeletal problems, while

3

Mr. Evans carries of diagnosis of degenerative disc disease, most of the clinical examinations revealed no more than moderate limitation of function. The court believes that, in evaluating Mr. Evans' claim, the Administrative Law Judge reasonably relied on a report from a nonexamining state agency physician, Dr. Joseph Duckwall. Based on the medical record as developed by May 11, 2011, Dr. Duckwall opined that Mr. Evans could be expected to perform a limited range of light work activity. While Mr. Evans has experienced periods of significant cardiovascular distress and musculoskeletal dysfunction, the court must agree that the medical record does not support a finding of total disability persisting for twelve months or more, as is required for entitlement to benefits under the Act. See 42 U.S.C. § 423(d).

On appeal to this court, Mr. Evans argues that the Law Judge erred in several respects. First, plaintiff contends that the Law Judge improperly accorded greater weight to the findings and opinions of nontreating physicians, while disregarding reports and assessments from treating physicians. As noted above, however, the court finds that the reports from the treating cardiologist, Dr. Fischer, are consistent with the Law Judge's determination that Mr. Evans retains sufficient functional capacity to engage in essentially sedentary levels of work. On the other hand, it is true that plaintiff's family physician, Dr. Charles Cole, submitted a physical capacities evaluation which indicates that Mr. Evans is unable to work more than two hours a day, and that he can be expected to miss about three days of work a month. (TR 731, 735). However, the court believes that the Administrative Law Judge properly determined that Dr. Cole's opinions are simply not consistent with his physical findings. For the most part, the medical record indicates that Dr. Cole noted no unusual limitations in plaintiff's shoulders, back, arms, and neck. For example, on September 20, 2011, the same day on which he completed his residual functional assessment, Dr. Cole reported that

4

Mr. Evans was in no acute distress and enjoyed a full range of motion of his arms. (TR 714). On that day, plaintiff's gait was said to be intact, and his blood pressure was under control. (TR 714). Dr. Cole reported that plaintiff "usually does construction work and is not able to because of these problems." (TR 713). In short, given the actual medical notes compiled by Dr. Fischer and Dr. Cole, the court believes that the record supports the Law Judge's rejection of Dr. Cole's functional capacity assessment, and the Law Judge's finding of residual functional capacity for sedentary levels of work.

As a second argument, Mr. Evans asserts that the Law Judge's opinion is inconsistent and that the Law Judge did not fully take into account all of the observations by the treating physicians. Plaintiff maintains that the Law Judge waivered between a finding of residual functional capacity for sedentary work and a finding of capacity for light work. The court agrees that there is some imprecision in the Law Judge's findings as to Mr. Evans' current level of residual functional capacity. Stated succinctly, the Law Judge determined that Mr. Evans is only able to stand/walk for four hours in an eight-hour day. Such a limitation is not consistent with residual functional capacity for a full range of light work. 20 C.F.R. § 404.1567. In essence, the Law Judge apparently considered plaintiff to be capable of somewhat greater than sedentary exertional activity. However, Mr. Evans was not prejudiced by the Law Judge's consideration of the residual functional capacity issue. At the administrative hearing, the vocational expert testified that, given the limitations identified, plaintiff could do no more than sedentary work, and all of the alternate work roles identified by the vocational expert fell in the sedentary category. (TR 42-43).

Plaintiff's third, and most interesting argument is premised on his alleged illiteracy. At the administrative hearing, Mr. Evans testified that he is not very good at reading and writing, and that

he would be unable to write a short letter or keep a checkbook. (TR 31-32). Plaintiff points out that if he is illiterate, and if he is limited to no more than sedentary levels of exertion, the medical vocational guidelines would direct a determination of disabled in his case. See Rule 201.17 of Appendix 2 to Subpart P of the Administrative Regulations Part 404. However, as previously noted, the Administrative Law Judge determined that Mr. Evans possesses a "4.5 grade reading level." (TR 15). This determination is consistent with testing administered on October 24, 2011. (TR 255). Thus, the court must conclude that the record does not support plaintiff's allegation of illiteracy.[1] In short, despite plaintiff's arguments, the court concludes that the Commissioner's final decision is supported by substantial evidence.

In affirming the Commissioner's final decision, the court does not suggest that Mr. Evans is free of all pain and discomfort. Indeed, the medical record confirms that plaintiff suffers from very worrisome cardiovascular problems, as well as degenerative disease process in his back, neck, and shoulders. Without question, Mr. Evans is no longer capable of performing rigorous physical exertion. However, it must again be noted that the results of cardiovascular testing in plaintiff's case have not proven overly remarkable, and his own doctor has found his range of motion in the back and neck to be essentially unimpaired. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in determining that Mr. Evans is now incapable of standing/walking more than four hours in a regular work day, so

---

[1] On the other hand, the court believes that the findings of the Administrative Law Judge in this case support the notion that the medical vocational guidelines now direct a determination of disability, as of plaintiff's fiftieth birthday on November 7, 2013. See Rule 201.09 of Appendix 2 to Subpart P of the Administrative Regulations Part 404.

6

as to limit him to no more than sedentary work activity. Indeed, the court believes that the Law Judge gave the plaintiff the benefit of the doubt in assessing his residual functional capacity. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 7th day of May, 2014.

_____
Chief United States District Judge